**UNITED STATES of America,**
**Appellee,**

v.

**Mariluz ZAVALA and Jose Ibanez,**
**Defendants–Appellants.**

Nos. 08–2727–cr (L), 08–2739–cr (con).

United States Court of Appeals,
Second Circuit.

July 27, 2009.

Douglas T. Burns, Westbury, N.Y., Alexei Schacht, Nalven & Schacht, New York, N.Y., for Appellants.

Benton J. Campbell, U.S. Atty., Brooklyn, N.Y., for Appellee.

PRESENT: JON O. NEWMAN, ROSEMARY S. POOLER and B.D. PARKER, Circuit Judges.

## SUMMARY ORDER

ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court is REMANDED.

Defendants–Appellants Mariluz Zavala and Jose Ibanez appeal from the sentences imposed for various offenses, including conspiracy to smuggle aliens, in violation of 8 U.S.C. § 1324(a)(1)(A). Their appeal challenges only the two-level enhancement to their base offense level under the Sentencing Guidelines imposed for their supervisory role in the offense. *See* U.S.S.G § 3B1.1. This enhancement was based on their supervision of their daughter because of her activities in connection with the parents' offenses after she attained the age of 18. The Government, although defending the enhancement on this appeal, had stated that they did not seek the enhancement.

We previously remanded to afford the District Court an opportunity to make the findings necessary to support the role enhancement. In the sentencing proceeding now challenged, the District Judge stated: "I have now increased it [the base offense level] two points only for the supervision and management of the defendant's [sic] daughter after she attained the age of majority." The Court noted the Government's view that a minor child could not be considered a participant for purposes of the role enhancement.

At the outset, the Government contends that the Appellants have not preserved the claim they now assert. However, defense counsel explicitly stated at sentencing, "I noted that the Government said that the two-level enhancement for the role didn't apply. I realize your Honor is free to do what you want with that so

I argue against that enhancement." Although counsel was thereafter not precise in pointing out that the Court had failed to make findings sufficient to support the enhancement, counsel's objection to the enhancement was sufficient to preserve the claim for review.

■ To add an enhancement for a defendant's role in the offense under section 3B1.1, the sentencing judge must make specific factual findings as to that role. *See United States v. Carter*, 489 F.3d 528, 538–40 (2d Cir.2007); *United States v. Huerta*, 371 F.3d 88, 92–93 (2d Cir.2004); *United States v. Stevens*, 985 F.2d 1175, 1184 (2d Cir.1993) (citing *United States v. Lanese*, 890 F.2d 1284, 1294 (2d Cir.1989)). In the pending case, where the Defendants' offense conduct spanned a period of time during which the daughter was a minor and then an adult, the role enhancement based on their supervision of her required specific findings as to acts constituting her participation in the parents' offenses after she turned 18. No such findings have been made.

Accordingly, we remand with directions to the District Court either to make specific findings to support the role enhancement or to resentence without regard to the role enhancement. Within ten days of a decision by the District Court, the jurisdiction of this Court may be restored by a letter to the Clerk, *see United States v. Jacobson*, 15 F.3d 19, 22 (2d Cir.1994), in which event the renewed appeal will be assigned to this panel.